Andrew H. Griffin, III, (State Bar Number 108378)
Law Offices of **ANDREW H. GRIFFIN, III**
275 E. Douglas Avenue, Suite 112
El Cajon, CA 92020-4547
(619) 440-5000 Telephone
(619) 440-5991 Facsimile
Griffinlaw@mac.com

Attorney for Debtor and Debtor in Possession,
RBE, a California Corporation

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>RBE, a California Corporation,<br><br>    Debtor and Debtor in Possession. | Case No.: 14-03531-MM11<br>Chapter 11<br><br>**RESPONSE IN SUPPORT OF SECOND AND FINAL FEE APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR ANDREW GRIFFIN, ATTORNEY FOR DEBTOR**<br><br>Date:  January 29, 2015<br>Time:  2:00 pm<br>Dept.:  1<br><br>Judge: Honorable Margaret M. Mann |

I, Andrew H. Griffin, III, declare:

1.    I represented RBE, the above captioned Debtor, and have been an attorney duly admitted to practice before all courts of the State of California as well as all of the Federal District Courts in the State of California including the Southern District of California for almost thirty-two (32) years.

2.    I make this response pursuant to the Court's amended Tentative Ruling entered on January 21, 2015. My concern is not so much regarding the amount of any fee award but more so on the perception of my conduct. The Law Offices of Andrew H. Griffin, III received a prepetition

– 1 –

retainer of $6,213.00 despite the requested $26,213.00 retainer. Exigent circumstances caused the filing without a full retainer payment. The full $5,000.00 retainer was used prepetition and the MOR's will support that I have been paid nothing on the first fee application and it is unlikely that I will be paid on any amount awarded on the Second and Final Fee application currently pending before the court.

3. My response is less concerned about the amount of the fee award and more focused upon the Court's perception. I am troubled by the Court's perception that "numerous misstatements of fact made to the Court from the inception of the case regarding the value of the accounts receivable and viability of the Debtor's operations" were promulgated by me or my office. I spent many uncompensated hours in this case performing due diligence.  This case was front loaded with contested motions by an active secured Creditor at a difficult time in my life. I am sure that the Court will recall that there was a contested evidentiary hearing on the Use of Cash Collateral just days before my Mother's funeral.

4. The record is clear regarding the inadequacy of the Debtor's accounting records and the internal problems with an employee's embezzlement of funds. The Debtor's records were in complete disarray. As the counsel for the Debtor, I assisted with the employment of accountant. After her employment, she spent a full weekend in the Debtor's office attempting to reconcile the accounting records. The employment of the accountant revealed numerous problems, which, as counsel for the Debtor, I was charged to explore, identify and report. My office did not cause the accounting problems. We caused the issues to be clarified and reported the analysis to the office of the U.S. Trustee.

5. I had numerous personal meetings and telephonic communications with the analyst in the office of the US Trustee providing financial documentation and accounting records. Every meeting

– 2 –

resulted in additional documentation to be completed and submitted by the Debtor.

6. I had numerous meetings with counsel for Debtor who had been working on the "Disputed" Construction Claims. I am not an attorney who specializes in Construction claims. The docket will reflect that a motion to employ counsel to allow these claims to be liquidated for the estate was filed. The application to employ counsel was denied due to the objection of Vibra Bank.

7. The record is also clear that the Debtor had ongoing valuable contracts in substantial amounts. The monthly operation reports reported deposits of hundreds of thousands of dollars. On January 20, 2014, Richard Kipperman, the Chapter 7 Trustee, filed a statement of receipts and disbursements revealing that even after the case was converted to a Chapter 7, the Trustee disbursed $269,225.85. It is clear that the business, as an ongoing concern, was producing income even while in a Chapter 7 Bankruptcy Petition. The Court's concerns about the "viability of the Debtor's operations" is valid but the Chapter 7 Trustee, experienced in the construction industry, opined that the unsecured creditors would be better off with the debtor outside of Chapter 7 and urged me to file a motion to dismiss. I complied with his request and filed the successful motion knowing that I would not receive any compensation for my legal services and expenses.

8. I have no doubt that my assistance in this case has been a benefit to the estate. Some of the benefits include:

a) The filing of the Bankruptcy Petition which immediately lifted the suspension of the California State Contractor's license which allowed the Debtor to operate its construction business. As a result, more than 40 employees continued their employment;

b) The secured creditor, Vibra Bank, which had not been receiving payments, began receiving adequate protection payments;

c) The Debtor was able to enter into contracts post petition, which allowed it to settle debts

– 3 –

RESPONSE IN SUPPORT OF SECOND AND FINAL FEE APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR ANDREW GRIFFIN, ATTORNEY FOR DEBTOR

with unsecured creditors. The uncompensated post conversion work, including the motion to dismiss, (which is not covered in the fee application) allowed unsecured creditors to reach agreements and retain its Contractor's license post dismissal.

9. The Court does not list the "troubling misstatements of fact" that it refers to in the tentative ruling. I understand that there was an issue regarding the "contingent disputed claims" that the Court used as a basis for an order on the order on Cash Collateral. There was ample live testimony on the "contingent disputed claims" provided by the Debtor's principal in the evidentiary hearing. The only information that I had regarding these claims is what I received from the Debtor and claims counsel that was handling the case before the Bankruptcy petition was filed.  The same information that I was provided was the evidence that was presented at the hearing.  I was not "a passive observer, silently sitting by in the face of a client's legally unacceptable decision". I continued my due diligence even after the hearing on the Use of Cash Collateral.

10. The docket reflects monthly operating reports that were amended because the financial information that was amended to give the court an accurate picture of the Debtor's financial condition.  The docket activity strongly suggests that I did more than close my "eyes to the matters that may have an adverse legal consequence to the estate". I was an active participant in responding to the requests of the office of the U.S Trustee, the Court and Secured Creditor.

11. I relied upon the Debtor, the Debtor's Claims Construction Counsel and an accountant to guide me in this case. I was affected not only personally and financially but now it appears by the Court's tentative ruling, professionally.

12. Professionally, I am concerned by the tentative ruling because I have future appearances before this court.  Personally, I am concerned about the Court's tentative ruling because every Sunday, I stand before a congregation of people urging them to conduct themselves in a God fearing,

– 4 –

RESPONSE IN SUPPORT OF SECOND AND FINAL FEE APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR ANDREW GRIFFIN, ATTORNEY FOR DEBTOR

ethical fashion. Now, I find that my own conduct is being questioned when I have worked selflessly for the bankruptcy estate. Surely, there is something that I have to correct if I am exhibiting false signals.

13. I will accept, without any objection, if the Court decides to reduce the amount of compensation. A vigorous objection would be lodged if the Court were making a finding that I have failed to conduct myself in a manner inconsistent with my fiduciary duties.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 22, 2015, at El Cajon, California.

**Law Offices of Andrew H. Griffin, III**

/s/ Andrew H. Griffin, III
Andrew H. Griffin, III, Esq.
Attorney for Debtor and Debtor in Possession,
RBE, a California Corporation

RESPONSE IN SUPPORT OF SECOND AND FINAL FEE APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF
EXPENSES FOR ANDREW GRIFFIN, ATTORNEY FOR DEBTOR

1   Andrew H. Griffin, III, (State Bar Number 108378)
    Law Offices of **ANDREW H. GRIFFIN, III**
2   275 E. Douglas Avenue, Suite 112
    El Cajon, CA 92020-4547
3   (619) 440-5000  Telephone
    (619) 440-5991  Facsimile
4   Griffinlaw@mac.com

5   Attorney for Debtor,
    RBE, a California Corporation
6

7

8               **UNITED STATES BANKRUPTCY COURT**

9                 **SOUTHERN DISTRICT OF CALIFORNIA**

10  In Re:                          )   Case No.: 14-03531-MM7
                                    )
11  RBE, a California Corporation,  )   Chapter 7
                                    )
12          Debtor.                 )   **CERTIFICATE OF SERVICE VIA U.S.**
                                    )   **FIRST CLASS MAIL**
13                                  )

14          **CERTIFICATE OF SERVICE VIA U.S. FIRST CLASS MAIL**

15  I, ***MERCEDES HERNANDEZ*** declare that I am, and was at the time of service of the papers herein
    referred to over the age of eighteen years and not a party to the action; and I am employed in the
16  County of San Diego, California, within which county the subject mailing occurred.  My business
    address is 275 E. Douglas Avenue, Suite 112, El Cajon, California 92020.  I served the following
17  document(s):
18
    **RESPONSE IN SUPPORT OF SECOND AND FINAL FEE APPLICATION FOR**
19  **COMPENSATION AND REIMBURSEMENT OF** EXPENSES FOR **ANDREW GRIFFIN,**
    **ATTORNEY FOR DEBTOR**
20

21  X_ (U.S. First Class Mail) by placing a copy thereof in a separate envelope for each addressee named
    hereafter, addressed to each such addressee respectively as follows:
22

23  All Access Equipment Rentals
    3364 Helix Street
24  Spring Valley, CA 91977

25  America Express
    P.O. Box 981537
26  El Paso, TX 79998

27

28

American Home Assurance Co.
Jason R. Goldy Authorize Representative
175 Water Street, 15th Floor
New York, NY 10038

Ana M. Hanson
c/o Rothner Segal & Greenstone
510 S. Marengo Avenue
Pasadena, CA 91101-3115

Atlantic Concrete Washout
8507 NW 74th Street
Miami, FL 33166

Bank of America
P.O. Box 982235
El Paso, TX 79998

Carboline Co.
2150 Schuetz Road
Saint Louis, MO 63146

Chase
P.O. Box 15298
Wilmington, DE 19850

Chase
P.O. Box 15919
Wilmington, DE 19850-5919

Emil Ballman
8167 Sterling Drive
El Cajon, CA 92021

Employment Development Dept
P.O. Box 826806
Sacramento, CA 94206-0001

Employment Development Dept.
Bankruptcy Group MIC 92E
P.O. BOX 826880
Sacramento, CA 94280-0001

1  Bankruptcy Section MS A340
   Franchise Tax Board
2  P.O. Box 2952
   Sacramento, CA 95812-2952
3

4
   Frazee Paint
5  1154 E. Main Street #108
   El Cajon, CA 92021
6

7
   Gary J. Meyers, Esq.
8  c/o Rothner Segall & Greenston
   510 S. Marengo Avenue
9  Pasadena, CA 91101-3115

10

11
   Internal Revenue Service
12 P.O. Box 7317
   Philadelphia, PA 19101-7317
13

14
   Michele S. Ancheta, Esq.
15 Rothner Segal & Greenstone LLP
   510 S. Marengo Avenue
16 Pasadena, CA 91101-3115

17

18 G6 Hospitality, LLC
   ESP Receivables Management
19 399 Asbury Drive
   Mandeville, LA 70471
20

21
   Motel 6
22 550 Montrose Court
   El Cajon, CA 92020
23

24 Rosner Brown Touchstone & Kell
   4909 Murphy Canyon Road
25 San Diego, CA 92123

26

27

28

CERTIFICATE OF SERVICE VIA U.S. FIRST CLASS MAIL

Small Business Administration
550 W. C Street #550
San Diego, CA 92101

Terrance J. Rusnak
1550 Chiswick Court
El Cajon, CA 92020

Thomas W. Meads
1620 Alpine Blvd #228
Alpine, CA 91901

Vibra Bank
530 Broadway
Chula Vista, CA 91910

Vibra Bank
ATTN: Gail Jensen-Bigknife EVP
530 Broadway
Chula Vista, CA 91910

Vista Paint Corporation
2020 E. Orangethorpe Avenue
Fullerton, CA 92831

International Painters and Allied Trades Industry Pension Fund
Penn Mutual Towers, 16th Floor
510 Walnut Street
Philadelphia, PA 19106

Jennings Sigmond, P.C.
Dawn M. Costa, Esq.
510 Walnut Street, 16th Floor
Philadelphia, PA 19106

George C. Lazar, Esq.
FOX JOHNS LAZAR PEKIN & WEXLER, APC
525 "B" Street, Suite 1500
San Diego, CA 92101

RBE, a California Corporation
10765 Woodside Avenue, Suite E
Santee, CA 92071

1   David A. Ortiz
    Office of The United States Trustee
2   402 West Broadway, Suite 600
    San Diego, California 92101-8511
3

4   Richard M. Kipperman, Chapter 7 Trustee
    P.O. Box 3010
5   La Mesa, CA 91944–3010

6

7   I then sealed each envelope and, with the postage for U.S. First Class Mail thereon fully prepaid, deposited each in the United States mail at El Cajon, California, on January 22, 2015.

8   I declare under the penalty of perjury according to the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on January 22, 2015, in the County of San Diego, State of California.

9

10                              /s/ Mercedes Hernandez
                                Mercedes Hernandez
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 5 -
CERTIFICATE OF SERVICE VIA U.S. FIRST CLASS MAIL